THE STATE OF OHIO *v.* NORWOOD.

(No. 77 CRB 01376—Decided August 17, 1977.)

Akron Municipal Court.

*Mr. Brian Stormer*, city prosecutor, for plaintiff.
*Mr. Robert G. Schultz, Jr.*, for defendant.

ROULHAC, J. This order disposes of defendant's motion for acquittal after the jury failed to reach a verdict where he was charged with one count of "obstructing official business" under R. C. 2921.31.

The complete record of this case reveals a proper selection of the jury and proceedings thereafter, including the charge to which neither party took exceptions.

The jury deliberated for more than four hours, requested and was given clarification in the definitions of "purpose" and "intent" and, later, informed the court it would be impossible for them to reach a verdict. Being satisfied they were hopelessly deadlocked, the court discharged them and invited them, the prosecuting witnesses (officers), the prosecutor and counsel for the defendant into chambers for a post deliberation conference.

All parties and seven of the jurors accepted the invitation and gathered where a meaningful exchange of ideas and impressions of the case was presented.

Ten votes were taken with the last five votes being

four votes of 7-1 for acquittal and one vote 6-2 for acquittal.

Crim. R. 29 provides for *motion for acquittal* and subsection C deals with motion after verdict or discharge of jury thusly:

"(C) *Motion after verdict or discharge of jury.* If a jury returns a verdict of guilty or is discharged without having returned a verdict, a motion for judgment of acquittal may be made or renewed within fourteen days after the jury is discharged or within such further time as the court may fix during the fourteen day period. If a verdict of guilty is returned, the court may on such motion set aside the verdict and enter judgment of acquittal. If no verdict is returned, the court may enter judgment of acquittal. * * *"

When should the court grant a motion of acquittal where the jury is unable to reach a verdict?

Crim. R. 1(B) states as follows:

"(B) *Purpose and construction.* These rules are intended to provide for the just determination of every criminal proceeding. They shall be *construed and applied to secure the fair, impartial, speedy and sure administration of justice,* simplicity in procedure, and the elimination of unjustifiable expense and delay." (Emphasis added.)

Many times during a particular term on the criminal bench (misdemeanor and felony) the court hears recommendations from the prosecutors, officers, and prosecuting witnesses to dismiss cases for numerous reasons based on the facts and the background, the law and the exercise of sound judgment and conclusions expressed to the court, and quite often, a dismissal is granted "for good cause shown."

In the opinion of this court, many stronger cases (from the standpoint of the state) than the instant one have been dismissed on the recommendations of the prosecutors.

This court concludes that the guideline should be one of judicial discretion taking into consideration all matters transpiring during the course of the trial and any other factors which may have influenced that jury in their in-

ability to reach a verdict and the probability that other juries considering the case will also be of honest divided opinions.

This jury surely considered, as Ohio courts have observed in numerous cases, the previous good record of the defendant. Here, defendant Norwood has a clean record and is a graduate of Kent State University and is presently pursuing a graduate degree from the same institution. His character witnesses describe him as a person determined "to make it" against tremendous odds, and as a person worthy of belief.

The court now learns that at a pretrial hearing, defendant presented the results of a polygraph examination administered by C. B. Wilkinson, polygraph examiner (A-1 Detective Agency, Inc.), wherein the examiner concludes that the results negate the knowledge on behalf of the defendant of any purposeful or illegal action on defendant's part as a result of the interchange between defendant and officers.

This court having closely followed the testimony of all witnesses and being convinced that this case will not be tried any better at a future time and believing that a wiser jury is not likely to be impanelled, rules that a further trial of this case will not effect the ends of justice and, therefore, a judgment of acquittal is ordered.

Defendant is acquitted and discharged.

*Defendant acquitted.*